IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

HAYLEY GIEZEY,

              Plaintiff,

v.                                      CIVIL ACTION NO.: 4:09cv143

MICHAEL J. ASTRUE,
        Commissioner of Social Security

        Defendant.

*ORDER*

This matter is currently before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED** and the decision of the Administrative Law Judge is **AFFIRMED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Hayley Giezey, brought this action under 42 U.S.C. § 1383(c)(3) and 405(g) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act. By order filed December 30, 2009, this action was referred to United States Magistrate Judge Douglas E. Miller ("Magistrate Judge") to conduct hearings and submit proposed findings of fact and, if applicable,

1

recommendations for the disposition of this matter.[1] On August 2, 2010, Magistrate Judge Miller filed his Report and Recommendation ("R&R"), in which he recommended that the decision of the Commissioner be affirmed. On August 16, 2010, Plaintiff filed objections to the Report. On August 19, 2010, Defendant filed a Response to Plaintiff's Objections.

## II. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure ("Rule 72") a judge is required "to make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." FED. R. CIV. P. 72. The phrase "de novo determination," as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). In other words, "'the Court should make an independent determination of the issues' and should not give any special weight to the prior determination." *Id.* (quoting *United States v. First City National Bank*, 386 U.S. 361, 368 (1967)). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72.

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

2

conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

### III. DISCUSSION

Plaintiff has asserted three objections to the R&R. First, Plaintiff objects to the finding that the Administrative Law Judge's ("ALJ's") decision to treat Dr. Bercasio's opinion as a treating physician with minimal weight was supported by substantial evidence. When an ALJ declines to give a treating physician's opinion controlling weight, the ALJ must provide "good reasons" for the weight to which they accorded the treating physician's opinion. 20 C.F.R. § 416.927(d)(2). The ALJ's decision must also contain "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record . . ." when such decision is not fully favorable to the claimant. SSR 96-2P, 1996 WL 374188, at *5 (S.S.A.).

In the Social Security Administration's Decision ("Decision"), the ALJ concluded that Dr. Bercasio's opinion that claimant could not perform even sedentary exertion should be afforded minimal weight. In justifying the reason for this decision, the ALJ noted that he was not bound to accept a treating physician's conclusion when "it is not well supported by detailed, clinical and/or diagnostic evidence or it is inconsistent with other substantial evidence in the case record." R. at 17. In support of this position, the ALJ, then cited five exhibits (Exs. 9F, 10F,

3

12F, 20F and 30F) and the Social Security Ruling. R. at 17. These exhibits outline Plaintiff's ongoing medical issues and cover a wide range of evidence including: office treatment records, dated September 9, 1997 until April 19, 2005 from Riverside Family Medicine (Ex. 9F); results of a Pulmonary Function Analysis and Report, dated August 2, 2007, (Ex. 10F); Emergency Department Records, dated September 24, 2004 to July 7, 2006, from Riverside Regional Medical Center (Ex. 12F); and a RFC Assessment (Physical Capacities Evaluation), dated March 26, 2009, from Dr. Bercasio. After reviewing the entire record, the ALJ concluded that despite Plaintiff's current ailments (e.g., shoulder pains and mild obstructive lung disease), "there is no evidence to support worsening of symptoms and no indication of adverse medical side effects" that would preclude her from all work activity. R&R at 21 (citing R. at 17-18).

Upon its own review of the record, this Court notes the detailed clinical and diagnostic evidence cited by the ALJ in deciding to apply minimal weight to Dr. Bercasio's medical opinion. The Riverside Family Practice records do not contain clinical observations or notes to support Bercasio's conclusion that Plaintiff's condition precludes her from maintaining employment. R. at 477, 284, 492 (mentioning issues such as periodic headaches, shortness of breath, and dyspnea). Plaintiff's own orthopedist believed that recovery from the second shoulder surgery was better than the first. R&R at 21. Additionally, the pulmonary function analysis indicated "only mild obstructive lung disease." R. at 17. In light of this conflicting evidence (among other evidence in the record), this Court finds that the ALJ's decision was supported by substantial evidence.

Second, Plaintiff objects to the finding that the rejection of Dr. Spain's opinion as the State Agency's consultative examiner was supported by substantial evidence. In the Decision,

4

the ALJ specifically referenced Dr. Spain's medical opinions as contained in the Report of Psychological Evaluation, dated July 6, 2007 (Ex. 11F). In his evaluation of the "intensity, persistence, and limiting effects of claimant's symptoms," the ALJ summarized Dr. Spain's observations and opinions, stating that "claimant appears mentally capable of performing simple and repetitive tasks on a sustained basis" and is cognitively capable of maintaining regular attendance in the workplace. R. at 16 (referencing Dr. Spain's report at R. at 319). Given these explicit references and considerations in formulating his ultimate decision, there is substantial evidence indicating that the ALJ accepted Dr. Spain's opinions rather than rejecting them. As noted in the R&R, Dr. Spain made some statements that favored Plaintiff's position. R. at 319 (indicating that *in the long run* Plaintiff was not likely to behave in a socially appropriate manner with colleagues and that she would not likely to be able to deal with stress in the workplace (emphasis added)). However, evaluating these statements in light of other substantial evidence from the record (including other statements from Dr. Spain and the ALJ's observations of Plaintiff at the hearing), they do not outweigh the other evidence on which the ALJ and Magistrate Judge relied in making their respective determinations on how to handle Dr. Spain's opinions. *See* R. at 16 (indicating that Plaintiff was not in distress at the hearing and is neither on medication or in counseling for the condition). Therefore, the R&R properly concluded that there was substantial evidence to support the weight that the ALJ gave to Dr. Spain's opinion. Plaintiff's objection fails on this point.

Finally, Plaintiff objects to the finding that "substantial evidence supports the ALJ using the Plaintiff's lack of treatment to find the claimant not credible and to discredit the severity of her mental health impairments." Pl.'s Objection at 3. More specifically, Plaintiff asserts that she

5

stopped treatment at Colonial Psychiatric Associates ("CPA") due to loss of coverage and that this reason should not be used to "discredit her mental illness or credibility." Pl.'s Objection at 3. Federal statute requires claimants to "follow treatment prescribed by [their] physician if [the] treatment can restore [their] ability to work." 20 C.F.R. §§ 404.1530(a), 416.930(a). If claimants fail to follow prescribed treatment, they must have a good reason, otherwise, the Social Security Administration will not find them disabled. 20 C.F.R. §§ 404.1530(b), 416.930(b). The United States Court of Appeals for the Fourth Circuit acknowledges that financial inability qualifies as a good reason for not following treatment if the claimant "show[s] that he has exhausted all free or subsidized sources of treatment and document[s] his financial circumstances." *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984). Here, Plaintiff objects to the ALJ's assessment of the seriousness of her condition based on her failure to follow treatment. However, in doing so, Plaintiff provides no evidence (either on the record or in the objection) to indicate that she availed herself of all free or subsidized treatment. *See* R. at 41-42. Furthermore, Plaintiff has provided no evidence to document her financial condition as a "good cause" for not following the treatment. R. at 41 (stating that Medicaid was her primary insurance provider and that she did not have coverage for the treatments at CPA).

This Court must show deference to the ALJ's credibility determinations unless they are "unreasonable, contradict[] other findings of fact, or [are] based on inadequate reason or no reason at all." *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (quoting *NLRB v. McCullough Envtl. Servs., Inc.*, 5 F.3d 923, 928 (5th Cir. 1993)). As this Court explains above, there was adequate reason for the ALJ to consider Plaintiff's failure to follow the prescribed treatment in assessing her credibility. While Plaintiff's financial inability may have qualified as a

good reason under federal law, she failed to fulfill the necessary requirements for such consideration by not providing financial documentation and not offering evidence to suggest that she exhausted free resources. In light of these facts, the Court finds that substantial evidence supports the ALJ's credibility determination, and thus, Plaintiff's objection fails on this ground.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed August 2, 2010. The Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

/s/
_____
Raymond A. Jackson
**United States District Judge**

Norfolk, Virginia
October 22, 2010